# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ALLEN MILES, ) | CASE NO. 1:15CR146 |
| ) | 1:18CV1292 |
| Petitioner, ) | |
| ) | JUDGE DONALD C. NUGENT |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Respondent. ) | |
| ) | |

This matter comes before the Court upon the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF #79). Petitioner seeks to vacate his sentence and conviction of one count of Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349, ten counts of Wire Fraud in violation of 18 U.S.C. §§ 1343 and 2, and three counts of Aggravated Identify Theft in violation of 18 U.S.C. §§ 1028A(a)(1) and 2. For the reasons set forth below, Petitioner's Motion is DENIED.

## PROCEDURAL HISTORY

On December 1, 2015, a federal grand jury in the Northern District of Ohio returned an indictment charging defendant Mr. Allen Miles with conspiring to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count 1); wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Counts 2-11); and aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2 (Counts 12-14). (ECF #34). A jury returned guilty verdicts on all counts following trial. (ECF #48).

On August 15, 2016, Mr. Miles was sentenced to concurrent terms of 135 months imprisonment on counts 1 through 11. (ECF #60). Mr. Miles was also sentenced to 24 months on Counts 12 through 14, consecutive to the other imprisonment terms, followed by concurrent three-year terms of supervised release on each count. (*Id.*) Mr. Miles was also ordered to pay $3,932,130 in restitution and a $1,400 special assessment. (*Id.*). Mr. Miles filed a notice of appeal on August 24, 2016. (ECF #62). On June 29, 2017, Mr. Miles' appeal was denied. (ECF #78).

On June 5, 2018, Mr. Miles filed the instant Petition pursuant to 28 U.S.C. § 2255. (ECF #79). In his petition, Mr. Miles asserts claims of Ineffective Assistance of Counsel, Prosecutorial Misconduct, and Insufficient Evidence as grounds to set aside his conviction and sentence. (*Id.*). On June 6, 2018, an order was issued to show cause and on June 11, 2018, the Petitioner submitted documents in support of his Motion to Vacate. (ECF #80, 81). On June 25, 2018, the Government filed a motion for a 30-day extension to timely file a response (ECF #82), which was granted on June 27, 2018. (ECF #83). On July 26, 2018, the Government filed a response in opposition to Petitioner's § 2255 motion. (ECF #84).

## ANALYSIS

A petitioner who moves to vacate, set aside, or correct a sentence, pursuant to 28 U.S.C. § 2255, must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well

2

as the record, conclusively show that the petitioner is not entitled to relief, then the court need not grant an evidentiary hearing on the motion. *See* 28 U.S.C. § 2255; *see also Valentine v. United States*, 488 F3d. 325, 333 (6th Cir. 2007) (stating that no evidentiary hearing is required where the "record conclusively shows that the petitioner is entitled to no relief") (quoting *Arredonda v. Unites States*, 173 F.3d 778, 782 (6th Cir. 1999)); *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). The Government correctly categorizes Mr. Miles' claimed grounds for relief as, first, Ineffective Assistance of Counsel, second, as Prosecutorial Misconduct, and finally, as Insufficient Evidence to Support Conviction. (ECF #84).

The Petitioner has failed to adduce sufficient evidence to satisfy the factors set forth in *Strickland* to support a claim of Ineffective Assistance of Counsel. Furthermore, the Petitioner has failed to prove a false statement was made which might support a claim of Prosecutorial Misconduct. Finally, the Petitioner's claim of Insufficient Evidence to Support Conviction fails both because it has been procedurally defaulted and the Petitioner failed to provide any factual support for his claims. Therefore, for the reasons set forth below, all of Petitioner's claims are DISMISSED.

**1) Petitioner Fails to Demonstrate Ineffective Assistance of Counsel**

Petitioner's first ground for relief in his Motion to Vacate alleges ineffective assistance of counsel based on 15 separate allegations. (ECF #84 at 7-18). In order to prevail on an ineffective assistance of counsel claim, Petitioner must meet the standards set by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable. Unless a defendant

3

> makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

The judicial scrutiny of counsel's performance must be highly deferential. *Id.* at 689. Additionally, to prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

Petitioner's claim of ineffective assistance of counsel is groundless because his attorney's performance did not fall below the objective standard of reasonableness set forth in *Strickland*. Mr. Miles' petition included ten grounds for relief that sound in Ineffective Assistance, additionally, the Government suggests an additional five claims based on the Petitioner's motion. (ECF # 84 at 6-7). Based on the information contained in the record and in the Petitioner's motion, there is no factual basis to support a claim of Ineffective Assistance of Counsel as contemplated by the *Strickland* court as laid out below. Thus, Petitioner's claim of ineffective assistance of counsel is meritless and therefore DISMISSED.

In his first claim, Mr. Miles argues that his counsel was ineffective because he did not "vindicate or vigorously attack the truth." He further suggested that his counsel "sided with the prosecution," when presenting his defense. (ECF #81 at 4). In support of his claim, Mr. Miles cites his counsel's opening statements and alleges that his attorney made false statements during opening. Mr. Miles, however, fails to provide any more than self-serving conclusory allegations and is unable to prove that counsel "made errors so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Strickland*, 566 U.S. at 687. Furthermore, any potential prejudice that may have been derived from the opening statement does not rise to the level of ineffective assistance as opening statements are not evidence and the jury was properly instructed that they should not be relied upon as such. Thus Mr. Miles fails to establish

4

inadequate performance and prejudice as to the first claim.

The Petitioner's second claim alleges that his counsel failed to investigate the timetable of events. (ECF #81 at 11). However, the Petitioner failed to provide any evidence in support of this assertion and the record is devoid of any evidence which might corroborate his allegation. Mr. Miles also made no allegation of prejudice nor did he articulate any details or factual support to suggest what should have been done. Thus, Mr. Miles has failed to demonstrate inadequate performance on the part of his attorney or resulting prejudice as alleged in his second claim.

The Petitioner's third claim alleges that his counsel was ineffective because he did not attack the business profile of two tax preparers. (ECF #81 at 11). Counsel is not required to make every plausible argument on behalf of his client; counsel is only required by the Constitution to provide "reasonably effective assistance." *Strickland*, 466 U.S. at 687. While "the label 'strategy' is not a blanket justification for conduct which otherwise amounts to ineffective assistance of counsel," *White v McAninch*, 235 F.3d 988, 995 (6th Cir. 2000), decisions that "might be considered sound trial strategy" are ordinarily not grounds for ineffective assistance of counsel. *See Michel v. Louisiana*, 350 U.S. 91, 101 (1955). Whether counsel did not recognize an argument or opted not to raise this particular argument as part of sound trial strategy is immaterial as neither would rise to the level of ineffective assistance as envisioned by the *Strickland* court. Furthermore, Petitioner is unable to provide more than conclusory allegations that fail to demonstrate prejudice rising to a level that would warrant relief. Petitioner's third claim does not articulate what was deficient, what counsel should have done, or how it prejudiced him. Thus, Mr. Miles fails to demonstrate inadequate performance or prejudice.

In his fourth claim, the Petitioner alleges that his counsel "did not aggressively put forth the truth about Rev. Braxton nor Mr. Cudhea." (ECF #81 at 11). However, the Petitioner has put

5

forth only assertions and allegations to support his claim. Mr. Miles fails to demonstrate that there is evidence to support his version of the truth, or that there was any actual evidence available that his attorney did not put on during trial. He chose not to testify and cannot rely on his own testimony to show evidence withheld. He therefore fails to demonstrate inadequate performance or resulting prejudice.

In his fifth claim, the Petitioner alleges that his counsel, "did not, with authority, object that the jury was told to disregard Ms. Highsmith's testimony." (*Id.*). However, Mr. Miles fails to cite when the court allegedly told the jury to disregard Ms. Highsmith's testimony. After a thorough review of the record, to include trial transcripts, this Court is unable to find any reference that might substantiate the Petitioner's claim. The Court did provide the jury with a standard cautionary instruction regarding the credibility of witness testimony. (ECF #75 at 1550-53). This cautionary instruction was agreed upon by both parties in the final jury instructions. At no point during the cautionary instruction did the Court suggest that the jury should "disregard" any witness testimony. This claim is without merit as Mr. Miles fails to present more than unsubstantiated conclusory allegations and fails to demonstrate inadequate performance or prejudice.

The Petitioner's sixth claim alleges that his counsel, "did not with distinction reveal [that Mr. Miles had] no contact period with Ve Sayavong." (ECF #81 at 11). Again, the petitioner presents no evidence to support this conclusion. To the contrary, the record clearly shows that there was testimony presented regarding Mr. Miles' lack of contact with Ve Sayavong. It is abundantly clear from Ve Sayavong's own testimony that Mr. Miles did not have contact with him prior to trial. Thus, Mr. Miles fails to demonstrate ineffective or inadequate performance on the part of his attorney nor can he show resulting prejudice.

Mr. Miles seventh claim alleges that his counsel, "did not disagree with the prosecution about [the] 4/18 [email between Mr. Miles and Ms. Highsmith and] did not pull Highsmith instructions." (ECF #81 at 11). However, Mr. Miles fails to present evidence to support his explanation of the facts. (ECF #81 at 4-5). These conclusory allegations fail to demonstrate ineffective assistance or resulting prejudice.

In his eighth claim, Mr. Miles alleges that his counsel failed to object to a demonstrative that, "had Rev. Mr. Miles at the top." (ECF #81 at 11). Mr. Miles' attorney's decision not to object to the demonstrative exhibit is trial strategy subject to his professional judgment and does not demonstrate inadequate performance. *See Lewis v. Alexander*, 11 F.3d 1349, 1353-54 (6th Cir. 1993). ("Counsel may exercise his professional judgment with respect to the viability of certain defenses and evidentiary matters without running afoul of the Sixth Amendment). Any trial includes, "numerous potentially objectionable events," and the Sixth Amendment does not require counsel to raise every objection. *Lundgren v. Mitchell*, 440 F.3d 754, 755 (6th Cir. 2006). (citing *Engle v. Isaac*, 456 U.S. 107, 134 (1982)). In fact, objections to each and every objectionable event could actually act to a defense counsel's detriment; experienced attorneys therefore use them in a tactical manner. *See Id.* It is clear from the record that Mr. Miles' counsel did just that, making numerous, but not excessive, objections on behalf of his client. Furthermore, the demonstratives were used during opening and closing but were not admitted into evidence and thus not relied upon by the jury in reaching its verdict. (ECF #75 at 1554). Thus, the Petitioner fails to demonstrate ineffective assistance or prejudice regarding this claim.

In his ninth claim, the Petitioner alleges that his counsel, "did not fight the motion deliberate ignorance [and] no evidence of conspiracy." (ECF #81 at 11). It is unclear what motion Mr. Miles is referring to, however, it is likely that he is making reference to the "deliberate

ignorance" jury instruction. (*see* ECF # 75 at 1558 et. seq.). In any case, it is clear from the record that Mr. Miles' attorney ably advocated on behalf of his client in the development of joint proposed jury instructions as evidenced by his successful argument to include a "good faith" instruction to the jury. (*see* ECF #75 at 1530-34). Any failure to "fight" the "deliberate ignorance" instruction can safely be categorized as sound trial strategy consistent with *Michel* and *Lewis*. Furthermore, Mr. Miles provides nothing more than conclusory allegations to substantiate his claim and cannot show that the instruction was given in error. Thus, the Petitioner has failed to demonstrated inadequate performance or prejudice.

The tenth claim alleges that Mr. Miles' counsel "did not [do an] investigation of prosecution witnesses, Sarah Ransom was called for the [Government] and there was no defense set forth if Rev. Miles view[ed] any 3 way payments." (ECF #81 at 11). Mr. Miles has provided nothing more to support his allegation. Since Mr. Miles presents nothing more than a conclusory allegation with no evidence to support his claim, he has failed to demonstrated inadequate performance or prejudice.

Mr. Miles' eleventh claim alleges that his counsel failed to investigate government witnesses or give a brief to him for possible questions. (ECF #81 at 6). However, Mr. Miles fails to specify how his attorney failed to investigate government witnesses, how it lead to inadequate performance, or how it prejudiced his case. The record makes it clear that Mr. Miles' attorney ably cross-examined the Government's witnesses and fails to show lack of preparation or inadequate assistance. Again, Mr. Miles fails to provide sufficient evidence beyond conclusory allegations which might tend to support his theory of ineffective assistance of counsel. Thus, on this claim, Mr. Miles fails to demonstrate inadequate performance or prejudice.

In his twelfth claim, Mr. Miles alleges that his counsel failed to attack the amount of money

8

the tax preparers made from each tax return. (ECF #81 at 7). The crux of Mr. Miles' argument is that his attorney failed to distinguish between the amounts of money received from the various tax preparers. However, the record clearly indicates that, during cross-examination, Mr. Miles' attorney elicited testimony from Ms. Highsmith regarding the specific payment agreement between Ms. Highsmith and Mr. Miles. (ECF #74 at 33). During cross-examination of Mr. Cudhea, Mr. Miles' attorney clearly elicited testimony distinguishing the arrangement between Mr. Cudhea and Mr. Miles from the agreement between Mr. Miles and Ms. Highsmith. (ECF #74 at 43). The record clearly indicates that his counsel presented evidence that Mr. Miles had a different commission agreement with Mr. Cudhea than the agreement with Ms. Highsmith. Mr. Miles suggests that he was prejudiced by the fact that no distinction was made between the two arrangements but fails to provide any evidence to support his claim or that it was the result of ineffective assistance of his counsel. Furthermore, the exact amount paid to Mr. Miles is only relevant for the purpose of determining loss or restitution, a matter that is not within the jury's purview. Thus, even assuming that the jury was lead to believe that Mr. Miles made a larger amount of money from referrals to Mr. Cudhea, Mr. Miles fails to demonstrate how he was prejudiced. Thus, on this claim, Mr. Miles fails to demonstrate ineffective assistance or prejudice.

Mr. Miles' thirteenth claim alleges that his attorney failed to interview or call Reverends Braxton, Howard, and Wright to testify. (ECF #81 at 9). However, based on the record, this allegation is meritless. Contrary to Mr. Miles' assertion, on March 14, 2016, his counsel conducted a phone interview of Reverend Braxton. (ECF #84-1 at 1-2). During this interview Mr. Miles' counsel and Reverend Braxton discussed Braxton's potential trial testimony as well as his willingness to travel to Cleveland, Ohio to testify. (*Id.*). Reverend Braxton agreed to testify

provided that his travel arrangements were made for him and his expenses paid. (*Id.*). Mr. Miles himself assumed responsibility for the travel arrangements, however, he failed to make the necessary accommodations and, as a result, Reverend Braxton was not available to testify at trial. (*Id.*). Furthermore, Mr. Miles' attorney made multiple attempts to contact Reverends Howard and Wright to no avail (*Id.*). Mr. Miles thus fails to prove that his attorney's performance was inadequate as it is clear from the record that his attorney made multiple attempts to contact and interview the relevant parties. Furthermore, Mr. Miles own inaction led to Reverend Braxton's absence at trial. Finally, Mr. Miles fails to prove that the outcome of the trial would have been different had the reverends testified on his behalf. Thus, Mr. Miles thirteenth claim is without merit as he fails to prove inadequate performance or prejudice.

Mr. Miles' fourteenth claim is that he received ineffective assistance because his counsel advised him not to testify. "While it is the role of defense counsel to advise in this regard, the decision to take the stand is 'ultimately for the defendant himself to decide.'" *Collins v. United States*, 67 F.App'x. 888 (6th Cir. 2003) (quoting *United States v. Teague*, 953 F.2d 1525, 1533 (11th Cir. 1992)). Throughout trial preparation and during trial Mr. Miles and his counsel discussed whether or not Mr. Miles wished to testify and the wisdom of such a decision given the Government's opportunity to cross-examination. (EFC #84-1 at 3). Ultimately, Mr. Miles' attorney expressed the opinion that Mr. Miles would not be able to withstand cross-examination and because of this concern it was his attorney's view that Mr. Miles should consider not testifying. (*Id.*). The final decision not to testify rested with Mr. Miles alone and Mr. Miles has failed to provide any evidence that the decision not to testify was anything but the product of his own free will. Thus, Mr. Miles fails to demonstrate ineffective assistance or prejudice with regard to his fourteenth claim.

Finally, in his fifteenth claim, Mr. Miles alleges that his counsel failed to object to the enhancements of the restitution amount. (ECF #81 at 10). Contrary to Mr. Miles assertion, the PSR demonstrates that his counsel objected to the four-level role enhancement and the abuse of trust enhancement. (ECF #55 at 25-28). Furthermore, Mr. Miles counsel again objected on these grounds at sentencing. (ECF #69 at 6). Thus, Mr. Miles assertion is clearly rebutted by the record as noted in the sentencing transcript. (*Id.*). Mr. Miles further argues that his counsel failed to object to the restitution amount in the PSR. However, Mr. Miles fails to present any evidence or allegation that he asked his counsel to object to the restitution amount in the PSR. Additionally, Mr. Miles failed to object to the restitution amount provided in the PSR after being given multiple opportunities to object. At sentencing, this Court inquired as to whether Mr. Miles reviewed the PSR and was satisfied, to which he responded that he thoroughly examined the PSR as well as his counsel's sentencing memorandum. (ECF #69 at 3.). At no point did Mr. Miles object to the restitution amount prior to the instant motion. After a thorough review of the record, Mr. Miles' fifteenth claim is groundless and he fails to demonstrate inadequate assistance or prejudice.

Mr. Miles fails to adduce sufficient evidence in support of his fifteen claims of ineffective assistance of counsel. After a thorough review of the record it is clear that none of his allegations rise to a level that would satisfy the *Strickland* test. There is simply no evidence to indicate that his counsel's performance was so inadequate that he was denied the assistance of counsel guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Furthermore, Mr. Miles fails to prove that he was in any way prejudiced by his attorney's performance as contemplated by the *Strickland* Court. *Id.* Thus, Mr. Miles' claim of ineffective assistance of counsel is without merit and therefore DISMISSED.

### 2) Petitioner's Claims of Prosecutorial Misconduct are Unsupported by Evidence and Thus Without Merit

In Ground Two, Mr. Miles alleges prosecutorial misconduct based on two claims: (1) that Reverend Luke sent 100 referrals on June 11 after the date he testified that he was no longer sending referrals; and (2) on cross-examination, Special Agent Burmeister withheld the testimony of Reverend Wright. (EFC #81 at 11). In order to establish prosecutorial misconduct or denial of due process the defendant must show:

> (1) the statement was actually false; (2) the statement was material; and (3) the prosecution knew it was false. The burden is on the defendant to show that the testimony was actually perjured, and mere inconsistencies in testimony by government witnesses do not establish knowing use of false testimony.

*Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998) (quoting *United States v. Lochmondy*, 890 F.2d 817, 822 (6th Cir. 1989)). However, neither of Mr. Miles' allegations support a finding of prosecutorial misconduct that would warrant the relief requested in this motion for the following reasons. Mr. Miles fails to prove that either Reverend Luke or Special Agent Burmeister made a false statement. With regard to Reverend Luke, Mr. Miles fails to provide any additional information or support for the allegations that Reverend Luke continued to send referrals after the time he testified that he had discontinued the practice. Similarly, Mr. Miles fails to provide any evidence that might tend to suggest that Special Agent Burmeister withheld statements made by Reverend Wright on cross-examination. The record provides evidence in direct contradiction to this claim when Special Agent Burmeister testified that she had never spoken to Reverend Wright. (ECF #74 at 240). Because Mr. Miles is unable to prove that either Reverend Luke or Special Agent Burmeister made a false statement, an essential element for the relief requested, his claim of prosecutorial misconduct is without merit and therefore DISMISSED.

### 3) Claim of Insufficient Evidence to Support Conviction/Actual Innocence is Procedurally Defaulted

Mr. Miles alleges in Ground Three that there is insufficient evidence to support his conviction. In support of this allegation Mr. Miles asserts seven separate claims. (ECF #81 at 11). The Court need not address each of these claims in turn because the claims have been procedurally defaulted as they were not raised on direct appeal. (ECF #62).

Collateral attacks, including motions brought pursuant to 28 U.S.C. § 2255, "may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). The procedural default doctrine serves to limit attempts by defendants to use collateral proceedings as a means of appeal and reflects "the general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). (Citing *United States v. Frady*, 546 U.S. 125, 167-68 (1982); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998)). "The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Id.* at 500.

The Sixth Circuit has repeatedly held that the sufficiency of evidence to support a conviction may not be collaterally reviewed during a § 2255 proceeding, because the issue can be raised only be direct appeal. *United States v. Shields*, 291 F.2d 798, 799 (6th Cir. 1961), *cert. denied*, 368 U.S. 933 (1961); *United States v. Osborne*, 415 F.2d 1021, 1024 (6th Cir. 1969) ("Moreover, we have repeatedly held that the sufficiency of the evidence to support a conviction may not be collaterally reviewed on a Section 2255 proceeding."), *cert denied*, 396 U.S. 1015 (1970). Mr. Miles did appeal his conviction, however, and he failed to raise the above mentioned sufficiency of the evidence claim on appeal. (ECF #62). Therefore, he has procedurally defaulted the right to raise these claims on collateral review. In order to overcome this bar, Mr. Miles must show cause

and prejudice. *Napier v. United States*, 159 F.3d 956, 960 (6th Cir. 1998).

A defendant who seeks to avoid the bar of procedural default must show cause for failing to raise the claim and actual prejudice from the error, or must show that he is actually innocent of the crime of conviction. *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). "Under the cause and prejudice exception, a § 2255 movant can avoid application of the procedural bar by 'show[ing] cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error." *McKay*, 657 F.3d at 1196 (quoting *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004)). To show cause for procedural default a movant "must show that some objective factor external to the defense prevented [movant] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [movant's] own conduct." *Lynn*, 365 F.3d at 1235. To demonstrate prejudice sufficient to avoid procedural default, a movant "must shoulder the burden of showing, not merely that the errors at trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Mr. Miles has failed to show reasonable cause for failure to raise these claims on direct appeal, prejudice, or that he is actually innocent. Mr. Miles did not submit any reason to excuse his failure to raise this claim on direct appeal. Furthermore, he has neither alleged nor demonstrated prejudice. Mr. Miles has alleged, generally, actual innocence by stating he is not guilty and referred to himself as a "truly innocent 60 year old," this, however, fails to state a claim or demonstrate proof of actual innocence. (ECF #81 at 1, 10). Thus, because he failed to raise this claim on direct appeal and has now failed to show cause and prejudice, his claim of insufficient evidence is procedurally barred and DISMISSED.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make a "substantial showing of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473 (2000) (quoting *Barefoot v. Estelle*, 465 U.S. 880, 893 n.4, (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could

15

debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (ECF # 79) is DENIED. Furthermore, because the record conclusively shows that Petitioner is entitled to no relief under § 2255, the Court certifies, pursuant to 28 U.S.C § 1615(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: September 11, 2018